# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>WILLIAM NEAL BELL,<br><br>      Debtor. | Case No.   07-12935-RGM<br>(Chapter 7) |
| CONGRESSIONAL FEDERAL CREDIT UNION,<br><br>      Plaintiff,<br><br>v.<br><br>WILLIAM NEAL BELL,<br><br>      Defendant. | Adv. Proc. No. 08-1188 |

**MEMORANDUM OPINION**

THIS CASE is before the court on the motion of Congressional Federal Credit Union for an extension of time within which to complete discovery.  (Docket Entry 7).  The complaint was filed on April 22, 2008.  The Initial Scheduling Order set August 21, 2008, as the discovery cut-off date.  All discovery was to be concluded by that date and initiated so that the respondent had the full period for responses permitted by the discovery rules.  The credit union filed its motion to extend time within which to complete discovery on August 21, 2008.  The motion gives the following reason for the extension:

> Counsel for the parties are actively engaged in efforts to settle CFCU's claim.  However, in the event such negotiations prove to be unsuccessful, additional time is needed in order to complete discovery.

Memorandum of Points and Authorities, ¶3.  (Docket Entry 7, Attachment 1).

1

There are several things missing from the motion. There is no discussion of the date when discovery was commenced, when responses were due, what remains incomplete, and what the credit union did to obtain compliance with the discovery request. No motion to compel has been filed.

If this motion were considered in isolation, the court might well admonish counsel to file a more complete motion and be more attentive to their discovery responsibilities. This motion, however, is not the entire story. The bankruptcy case was filed on October 11, 2007. The initial deadline for filing dischargeability complaints was January 18, 2008. (Docket Entry 4). On January 17, 2008, the credit union filed a consent motion to extend the time to file a dischargeability complaint. (Docket Entry 12). The reason given was that:

> CFCU has been investigating the basis for a potential discharge ability claim against the debtor. However, counsel for CFCU needs additional time in order to complete his evaluation, and may seek to conduct a Rule 2004 examination of the debtor. In order to protect its rights in the interim, CFCU seeks an extension of the dischargeability deadline through and including February 19, 2008.

Memorandum of Points and Authority, ¶4. (Docket Entry 12, Attachment 1). The motion was granted and the deadline was extended to February 19, 2008. On February 19, 2008, the credit union filed its second consent motion to extend time to file a complaint. (Docket Entry 19). The reason given was:

> CFCU has been investigating the basis for a potential dischargeability claim against the debtor. Counsel for CFCU recently took a Rule 2004 examination of the debtor, and is awaiting the production of documents requested from the debtor. In addition, counsel for the parties wish to explore the possibility of settlement. In order to protect its rights in the interim, CFCU seeks an extension of the dischargeability deadline through and including March 24, 2008.

Memorandum of Points and Authorities in Support, ¶4. (Docket Entry 19, Attachment 1). This motion was also granted. The deadline was extended to March 24, 2008. (Docket Entry 20). Three days before the expiration of the now twice extended deadline, the credit union asked for a third

extension through April 23, 2008. It gave as its reason:

> CFCU has been investigating the basis for a potential dischargeability claim against the debtor. Counsel for CFCU has taken a Rule 2004 examination of the debtor, and is still awaiting the production of a number of documents requested from the debtor in conjunction with the examination. In addition, counsel for the parties wish to continue to explore the possibility of settlement. In order to protect its rights in the interim, CFCU seeks an extension of the dischargeability deadline through and including April 23, 2008.

Memorandum of Points and Authorities, ¶4. (Docket Entry 23, Attachment 1). The motion was granted on May 7, 2008, after the court required the matter be set for a hearing. Prior to the hearing and within the time requested by the third extension, the credit union filed its complaint.

The credit union should have sufficient information through its own records, the schedules and statement of affairs filed by the debtor, and the Rule 2004 examination to try this case. It had three extensions of the dischargeability deadline in order to evaluate the information it had in its own records and the debtor's schedules and statement of affairs and to complete a Rule 2004 examination. It apparently completed the Rule 2004 examination and received the documents it requested. There is no mention that the documents were not provided and no motion to compel was filed.

The credit union had adequate time within which to prepare its case. The information that it could obtain through discovery is no greater than that which it could have, and apparently did obtain, through its Rule 2004 examination. The fact that the parties wish to engage in settlement discussions is commendable; however, they may not abandon the litigation for their convenience. The deadlines set by the court are important and must be complied with. Extensions are given for

cause, not simply for the convenience of the parties.[1]  Here, no cause has been shown justifying an extension.  The motion will be denied.

Alexandria, Virginia
September 12, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Roderick H. Angus
Alan Rosenblum

14579

---

[1] Counsel stated in his first motion for an extension of time, that he "may seek to conduct a Rule 2004 examination". Memorandum of Points and Authorities, ¶4. (Docket Entry 12, Attachment 1). In the second request, counsel stated that he "recently took a Rule 2004 examination" and was "awaiting the production of documents requested". In addition, counsel stated that the parties wished to explore "the possibility of settlement". Memorandum of Points and Authorities, ¶4. (Docket Entry 19, Attachment 1). The third motion for an extension again stated that counsel had taken a Rule 2004 examination, that counsel was "still awaiting the production of a number of documents requested from the debtor in conjunction with the examination," and that the parties wished "to continue to explore the possibility of settlement". Memorandum of Points and Authorities, ¶4. (Docket Entry 23, Attachment 1). However, no motion to take a Rule 2004 examination was ever filed in this case. The continued requests for extensions by counsel for the credit union and the absence of a motion to take a Rule 2004 examination raise questions about the attention given to this matter.